THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-cv-403

| | |
|---|---|
| CYNTHIA ALLENS ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| SESSOMS & ROGERS, P.A.; ) | |
| LEE C. ROGERS; ) | |
| PEDRO ZABALA II; ) | |
| CACH, LLC ) | |
| **Defendants.** ) | |

## INTRODUCTION

The Fair Debt Collection Practices Act (FDCPA or Act), 15 U.S.C. §§ 1692, *et seq*. imposes civil liability on "debt collectors" for certain prohibited debt collection practices. The Act includes a private right of action by "any person" adversely affected by the violation. Congress intended private actions to be the main vehicle for enforcing the Act: "The committee views this legislation as primarily self-enforcing; consumers who have been subject to collection abuses will be enforcing compliance." S. Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.C.A.A.N. 1695, 1696.

The plaintiff, Cynthia Allens (Ms. Allens), by and through her undersigned attorney, sues the defendants, Sessoms & Rogers, P.A. (Defendant Sessoms); Lee C. Rogers (Defendant Rogers); Pedro Zabala II (Defendant Zabala) and CACH, LLC (Defendant CACH), and alleges and says as follows:

1

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of defendants' violations of the FDCPA in their unlawful efforts to collect a consumer debt from Ms. Allens.

3. Venue is proper in this District because the acts and transactions occurred here, Ms. Allens resides here, and defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Plaintiff Cynthia Allens is a natural person who resides in the city of Fayetteville, Cumberland County, North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

6. Defendant Sessoms & Rogers, P.A. (Defendant Sessoms) is a corporation organized under the laws of the State of North Carolina.

7. Defendant Sessoms is located at 3326 Chapel Hill Boulevard, Suite A-200, Durham, North Carolina.

8. Defendant Sessoms is a law firm.

9. Defendant Sessoms is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

10. Defendant Sessoms regularly attempts to collect consumer debts alleged to be due to another.

11. Defendant Sessoms was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Defendant Rogers is an attorney licensed by the State of North Carolina.

13. Defendant Rogers is a partner at S&R.

14. Defendant Sessoms' website lists "Collections" as one of Defendant Rogers' practice areas.

15. Defendant Rogers is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

16. Defendant Rogers regularly attempts to collect consumer debts alleged to be due to another.

17. Defendant Rogers was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

18. Defendant Zabala is an attorney licensed by the State of North Carolina.

19. S&R's website lists "Collections" as one of Defendant Zabala's practice areas.

20. Defendant Zabala is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

21. Defendant Zabala regularly attempts to collect consumer debts alleged to be due to another.

22. Defendant Zabala was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

23. Defendant CACH is a foreign corporation organized under the laws of the State of Colorado.

24. Defendant CACH is located at 4340 S. Monaco St., 2nd Floor, Denver, Colorado 80237.

25. Defendant CACH may be served with process through its registered agent: CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

26. Defendant CACH is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

27. Defendant CACH regularly attempts to collect consumer debts alleged to be due to another.

28. Defendant CACH was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

29. Ms. Allens is a consumer or other person as that term is defined in 15 U.S.C. § 1692a(3).

30. Defendant CACH through Defendant Sessoms sued Ms. Allens in Cumberland County Court on a credit card debt on September 25, 2009.

31. The account was a Direct Merchants MasterCard serviced by HSBC Card Services.

32. At some point, the account went into default and was sold, placed, and/or otherwise transferred to Defendant CACH.

33. The account placed with Defendant CACH is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

34. The date of default on the account, according to the documents offered by Defendants in the state court proceeding, was July 20, 2009.

35. The amount owed on the account at the time of default was $3355.94.

36. The interest rate on the account, according to documents offered by the Defendants in the state court proceeding, was 8%.

37. In a pre-suit collection letter dated July 31, 2009, Defendant Rogers sought $3,364.03 from Ms. Allens on the alleged account.

38. In the state court complaint on September 25, 2009, Defendant CACH sued for a balance $3,405.22.

### *Letter dated June 22, 2010*

39. From the date of service of the state court collection action through June 2010, Ms. Allens represented herself in a pro se capacity.

40. In a letter dated June 22, 2010 and received by Ms. Allens within days thereof, Defendants, in a letter signed by Defendant Rogers, sent a letter in an attempt to collect the debt which stated that the "entire debt owed to CAHC, LLC" was $3,810.82.

41. Ms. Allens became confused over the increased amount and even wrote the original balance of $3,355.94 on the back of the letter she had received.

42. On June 22, 2010, a principal amount of $3355.94 plus 8% interest since July 31, 2009, should have equaled $3,603.82, with no other added on fees or charges.

43. The amount sought by Defendants on the defaulted account on June 22, 2010 was false.

*Letter dated September 17, 2010*

44. In a letter dated September 17, 2010 and addressed to Ms. Allens' counsel (the undersigned), Defendant Zabala indicated that the amount owed on the account was "Balance: $3889.81".

45. On September 17, 2010, a principal amount of $3355.94 plus 8% interest since July 31, 2009, should have equaled $3,671.28, with no other added on fees or charges.

46. The amount sought by Defendants on September 17, 2010 on the defaulted account was false.

47. The increased amounts in the letters dated June 22, 2010 and September 17, 2010 were not expressly authorized by the agreement creating the debt or permitted by law.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT ONE

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to:

> 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation on means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) [*omitted*]
> >
> > (2) The false representation of –
> >
> > > (A) the character, amount, or legal status of any debt;"
>
> 15 U.S.C. § 1692f: "A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

51. As a result of defendants' violations of the FDCPA, Ms. Allens is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A) from each and every Defendant, jointly and severally; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

3. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest; and

4. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 24th day of September, 2010.

        MARTIN ATTORNEY AT LAW, PLLC

        By:    /s/ Angela O. Martin
            Angela O. Martin, Esq.
            NC Bar 34951
            Martin Attorney at Law, PLLC
            1911 Keller Andrews Road
            Sanford, North Carolina 27330
            (919) 708-7477, FAX: (888) 872-4232
            angela@angelamartinlaw.com
            ATTORNEY FOR THE PLAINTIFF